Dissenting Opinion by
McDonald, J.,
which Getty, J., joins.
The Majority opinion explains in some detail the history of defamation law in Maryland, as limited and guided by the Supreme Court’s First Amendment case law. As the Majority opinion accurately notes, this Court has not yet determined the standard of proof of malice necessary to overcome a common law conditional privilege in a defamation case. There is nearly an even split among other American jurisdictions between a standard of preponderance of the evidence and a standard of clear and convincing proof. So we have a choice to make.
The Majority opinion opts for a preponderance standard based on its assessment of the State interest in providing a remedy for individuals who have been victims of defamation. Majority op. at 502-03, 149 A.3d at 593-94. I would make a different choice, in light of the other interests at stake when a conditional privilege applies.
The Majority opinion begins from the premise that this is a “purely private defamation action.” Majority op. at 471-72, 149 A.3d at 575. However, whenever a conditional privilege exists—and it is undisputed that a conditional privilege applies in this case unless malice is proven—there are inevitably public or social interests at stake. See Gohari v. Darvish, 363 Md. 42, 55-58, 767 A.2d 321 (2001). For example, those who report serious violations of the law or other wrongdoing to public authorities may rely on the public interest privilege—a common law conditional privilege. In this case, the common interest privilege is invoked in the context of what the defendant asserted was continuing wrongful conduct by one who had been found to have violated the university’s rules against sexual harassment as a result of a complaint of sexual assault. *515 The conditional privileges thus offer to those who come forward to report wrongdoing some protection against attempts to discourage such reporting with the threat of a defamation lawsuit.
The interest relied upon by the Majority opinion, though an important one, is that of the plaintiff alone. The interests underlying the conditional privileges are not just those of the defendant, but of other individuals and sometimes society at large. In light of the public and societal interests at stake, I agree with those courts that have opted for a standard of clear and convincing evidence. Adoption of the clear and convincing standard would not mean that a conditional privilege could not be overcome—just that it would take more than a slight tip of the scales to do so.
Judge Getty has indicated that he joins this opinion.